## SETTLEMENT CONFERENCE ORDER

## READ NOW AND COMPLY WITH THESE INSTRUCTIONS CAREFULLY

This case is scheduled for a settlement conference with the Honorable Holly B. Fitzsimmons, United States Magistrate Judge.   Local counsel shall notify any visiting counsel of the date and time of the conference.

### A.  PRESENCE OF PARTIES/PERSONS WITH AUTHORITY

The parties are hereby ORDERED to be present at the conference. If a party is a legal entity, not an individual, a representative of the party WHO IS FULLY AUTHORIZED TO DECIDE ALL MATTERS pertaining to the case shall be present at the conference. The Court will not hold a settlement conference without all parties present. Availability of a party by telephone IS NOT PERMITTED without the authorization of the Court. Authorization must be sought, in writing, at least two weeks in advance, and must state (1) the reason for the request, and (2) the opposing party's position with regard to the request.

In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative with FULL AUTHORITY to settle the case is present at the conference. For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer.

For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower.

The purpose of this requirement is to have in attendance a person with both the authority to exercise discretion and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present. FAILURE OF A PARTY OR PARTY REPRESENTATIVE WITH FULL AUTHORITY TO SETTLE THE CASE TO ATTEND THE CONFERENCE MAY RESULT IN THE IMPOSITION OF SANCTIONS. The parties should be prepared to spend the entire day in the settlement conference.

## B. PRE-CONFERENCE REQUIREMENTS

### 1. Demand

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. Before arriving at the settlement conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counterproposals shall be made. If settlement is not achieved before the conference, the parties shall be prepared to engage in further negotiation at the conference.   Not later than 14 days before the conference, plaintiff's counsel shall contact defendant's counsel to initiate these discussions, if they are not already on-going.

### 2. Ex-Parte Letter

At least five (5) days before the conference, each party shall provide to the undersigned, in confidence, a concise statement, no longer than 3 pages in length. The statements shall outline the settlement negotiations to date, and identify where possible the obstacles or impediments which have so far prevented settlement of the matter, as well as describing the disputed issues and evidence expected to be offered at trial. The statements may be accompanied by exhibits (i.e. depositions, damages analysis, photographs, expert report, medical records), if these would be of assistance to the Court. Please prepare the statement so that it ARRIVES in chambers by mail or messenger on or before the due date. The statement may be faxed to chambers at (203) 579-5651. Exhibits over six (6) pages must be mailed/delivered to chambers.

## C. CONDUCT OF THE SETTLEMENT CONFERENCE

The purpose of the settlement conference is to facilitate settlement of this case, if that is appropriate. It will be conducted so that no party will be prejudiced in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party or to the trial judge, unless the party authorizes disclosure.

At the settlement conference, while all the parties are together, counsel for each party will give a brief presentation to the judge, outlining the factual and legal issues presented by the case. Remaining discovery, substantive motions, and other work necessary to prepare the case for trial in the event a settlement is not reached will also be discussed. Then separate confidential caucuses will be held with each party and the party's representative(s). Attached is an outline for counsel to review with the parties prior to the settlement conference to make the best use of the time allotted.

All statements made by the parties relating to the substance or merits of the

case, whether written or oral, made for the first time during the settlement conference, shall be deemed confidential and shall not be admissible in evidence for <u>any</u> reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as a hearing on a motion for sanctions regarding the settlement conference.

The requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference, by reducing the time for communication of offers and expanding the ability to explore options for settlement. Where it is impossible for the person with authority to be personally present, counsel for that party shall so advise opposing counsel and attempt to work out an acceptable alternative <u>at least</u> two weeks in advance of the conference. Any alternative requires the advance permission of the Judge, which may be obtained by written motion or request.

### D. NOTICE OF RESOLUTION/NEED FOR CONTINUANCE

If the case is resolved after the issuance of this order and prior to the conference date, notice must be given to Judge Fitzsimmons' chambers. Because of the demand for settlement conferences, giving notice as early as possible will make it likelier that another conference can be rescheduled into the allotted time slot.

### E. CELLULAR PHONE AND LAPTOP COMPUTER POLICY

Attorneys who are in possession of a copy of this settlement conference order and who show a photo I.D., including but not limited to a Connecticut Judicial Branch Attorney photo I.D. card, are <u>HEREBY AUTHORIZED</u>  to possess cellular phones and laptop computers at the settlement conference, as are their clients or client representatives. Counsel shall identify their clients or client representatives to the Court Security Officers when entering the building, and clients/client representatives should be prepared to present photo identification, if requested.

SO ORDERED.

HOLLY B. FITZSIMMONS, United States Magistrate Judge